## TAYLOR'S APPEAL.

The decedent executed an assignment, sealed it up in an envelope, and placed it in the fire-proof of the firm, of which he was a member. Upon the outside of the envelope, he wrote the name of the assignee, adding "please send this to him on my death." After his death it was found in the fire-proof. *Held*, not to be a gift, or to create a trust in favor of the assignee, as there had been no delivery.

Appeal from the decree of the Orphans' Court of Philadelphia.

Opinion delivered February 2d, 1874, by

MERCUR, J.    The correctness of the decree made by the court below, depends upon the solution of two questions. They are:

1. Was there a gift executed ?   If not,
2. Was a valid trust created ?

To constitute a gift, it must have been consummated by delivery. It cannot be made by words *in futuro,* or by words *in præsenti* unaccompanied by such a delivery of the possession as makes the disposal of the thing irrevocable. *In re.* Campbell's Estate, 7 Barr, 100; Withers *v.*

Weaver, 10 Barr, 391; Kidder v. Kidder, et al., 9 Casey, 268; Linsenbigler v. Gourley, 6 P. F. Smith, 166; Pringle v. Pringle, 9 P. F. Smith, 281. Where the donor retains the control of a voluntary bond or any chose in action given or assigned, he retains control over the gift, and may cancel or destroy it. The seal to a voluntary assignment will not estop the assignor until delivery, or what is equivalent to it. Pringle v. Pringle, supra. Where the determining act remains in fieri, the intention to deliver does not execute the gift. Crawford's Appeal, 11 P. F. Smith, 52.

What is the evidence of a delivery of the assignment? After Trough had executed it, he placed it together with the policy in a sealed envelope. Upon the outside thereof, he wrote the name of the assignee, with his occupation and residence, adding "please send this to him on my death" and signed his name thereto. He then put the envelope in a fire-proof safe of the firm, of which he was a member. After his death, which occurred more than seven years thereafter, the seal was broken and the assignment found. During all the interval between the assignment and his death, he continued to pay the premiums upon the policy.

During his life, neither the assignee nor the cestui que trust had any knowledge of the assignments. He kept it within his exclusive control. It did not pass out of his possession.

Placing it in the safe which belonged to the firm of which he was a member, did not deprive him of its possession. It is not shown that his partner ever saw the envelope prior to the death of Mr. Trough; nor, if he saw it, is there anything indicating he had knowledge of its contents. The direction on the envelope was to deliver after Trough's death. It clearly negatived all idea of a delivery prior to that event. He retained the exclusive dominion and control over it, with full power to revoke the request at his own will and pleasure. Hence, we are clearly of the opining that there was no such delivery as to constitute a valid gift.

Then as to the trust. The assignment was not a contract that could be enforced. It lacked the consideration, necessary in the absence of a delivery, to support a contract or create a trust. Its sole consideration was natural love and affection. This is insufficient. Kennedy's Executors v. Ware, 1 Barr, 445; In re Campbell's Estate, supra. No court of equity would have compelled its delivery. 2 Kent's Com., 438. A court of equity will not enforce an unexecuted voluntary agreement. Colman v. Sarrsel, 1 Ves. Jr., 50. It is true, a seal in law imports a consideration when the instrument has been delivered; but prior to a delivery, or some act which is equivalent thereto, no such presumption is created. Pringle v. Pringle, supra. The case of Raybold v Raybold, 8 Har., 308, and Crawford's Appeal, 11 P. F. Smith, 53, are entirely consistent with the result at which we have arrived. In each of them there was a valuable consideration to support the trust.

In the former was the additional fact, that the property was purchased with the money of the persons claiming the benefit of the trust, and the trustee had in compliance with their request, caused a deed to be prepared in pursuance of the trust, although it was not executed.   In the latter there had been a distinct credit entered on the books in favor of the claimant.

We think the court erred in sustaining the exceptions to the auditor's report, and in awarding the money to John W. Hicks.

The errors assigned are sustained.

The decree is reversed, the exceptions to the auditor's report are dismissed, and the record ordered to be remitted to the Orphans' Court, to make distribution accordingly, and it is ordered that the costs of this appeal be paid by the appellee.